IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LATRINA HIGHSMITH**                                                                                    **PLAINTIFF**

v.                                                      **5:07-CV-00109-WRW**

**FIRST STEP, INC.**                                                                                    **DEFENDANT**

## ORDER

Pending is Plaintiff's Motion to Compel (Doc. No. 11). Defendant has responded (Doc. No. 13). For the reasons explained below, Plaintiff's Motion is GRANTED in part and DENIED in part.

## I.    BACKGROUND

Plaintiff began working for Defendant in May, 2004.[1] Based on the record, Plaintiff performed her job satisfactorily at all relevant times; Defendant never disciplined Plaintiff.[2] Plaintiff came to believe that under the Fair Labor Standards Act ("FLSA"), she was entitled to "regular breaks during the work day."[3] Defendant, however, "required Plaintiff to work a full work day without a break."[4] Plaintiff attended a meeting[5] and was told to "contact headquarters if she was not allowed a break . . . ."[6] Plaintiff allegedly then "advised her supervisor . . . that she was entitled to a break."[7] Plaintiff asserts that her action was a protected activity under the

---

[1] Doc. No. 1.

[2] Doc. No. 1, Doc. No. 11, Ex. A.

[3] *Id*.

[4] *Id*. Plaintiff was allowed one thirty-minute break per day. Doc. No. 11, Ex. A.

[5] It is unclear what kind of meeting Plaintiff attended.

[6] *Id*.

[7] *Id*.

1

FLSA, and that Defendant fired her "immediately after" she engaged in that protected activity.[8]

Plaintiff filed suit against Defendant, alleging retaliation in violation of the FLSA[9]

## II.  DISCUSSION

It is unlawful under the FLSA "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this chapter."[10] Retaliatory termination claims are analyzed under the *McDonnell Douglas* burden shifting framework.[11] Under the *McDonnell Douglas* framework, the plaintiff must first establish a *prima facie* case of retaliation.[12] Once the plaintiff establishes a *prima facie* case, the burden shifts to the employer, who must show some legitimate, nondiscriminatory reason for the employment action.[13] After the employer has articulated a legitimate reason for the employment action, the plaintiff has an opportunity to demonstrate that the reason given was simply a pretext for the retaliation.[14]

---

[8]*Id*.

[9]*Id*.

[10]29 U.S.C. § 215(a)(3).

[11]*Wallace v. DTG Operations, Inc*., 442 F.3d 1112, 1119 (8th Cir. 2006).

[12]*Id*. (citing *Hesse v. Avis Rent A Car Sys., Inc*., 394 F.3d 624, 632 (8th Cir. 2005)).

[13]*Id.* at 1120.

[14]*Id*.

To establish a *prima facie* case of retaliation, a plaintiff must show each of the following elements: "(1) he was engaged in statutorily protected activity, (2) he suffered adverse employment action, and (3) a causal connection between the two exists."[15]

A plaintiff may use direct or indirect evidence to show both causal connection at the *prima facie* stage, and pretext.[16] Indirect evidence can include evidence that the plaintiff was treated differently than other, similarly situated employees.[17] The Eighth Circuit has adopted a "low-threshold" standard for determining, at the *prima facie* stage, if employees are similarly situated.[18] Under the low-threshold standard, a plaintiff must show only that she was "involved in or accused of the same or similar conduct . . . ," but was later treated in a different way.[19]

Plaintiff correctly points out that at the *prima facie* stage, Plaintiff must meet only the low-threshold standard. However, for Plaintiff to be considered similarly situated to other employees, Plaintiff must still show that her conduct was the same as, or similar to, the conduct the other employees. Here, Plaintiff states that she was a satisfactory employee; Defendant's Answer to Plaintiff's Interrogatory No. 7 supports that assertion.[20] Plaintiff allegedly complained to a supervisor that she was entitled to a break during the workday.[21] Defendant apparently

---

[15]*Jackson v. St. Joseph Hospital*, 840 F.2d 1387, 1390 (8th Cir. 1988) (citing *Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir. 1980)).

[16]See *Scott v. County of Ramsey*, 180 F.3d 913, 917 (8th Cir. 1999).

[17]*Rodgers v. U.S. Bank, N.A.*, 417 F.3d 845, 852 (8th Cir. 2005).

[18]*Id.*

[19]*Id.* at 852-53.

[20]Doc. No. 11, Ex. A.

[21]Doc. No. 1.

terminated Plaintiff's employment without cause.[22] Thus, employees similarly situated to Plaintiff are other employees who performed satisfactorily and weren't disciplined -- this includes those in that group who were terminated without cause. In addition, it is relevant for Plaintiff to know how Defendant treated any employee who complained under any Act.

Plaintiff argues that because a jury could find she was fired for doing nothing wrong,[23] any "non-complaining employee that was disciplined or suspended for misconduct . . . is a comparator," because those employees "committed an act more serious than Plaintiff."[24] Plaintiff, however, does not allege that she engaged in misconduct and then, in retaliation for her complaint under the FLSA, Defendant disciplined her more harshly than other employees who also engaged in that same, or some more serious, misconduct. Plaintiff argues that she has clean hands and was terminated for the sole reason that she complained under the FLSA. Thus, even at the *prima facie* stage, it would be irrelevant for Plaintiff to compare herself, for example, to employees who were suspended or terminated for failing drug tests, for incompetence, or for falsifying a timesheet.[25] Though Plaintiff provided precedent to support her argument for broad

---

[22]Doc. No. 11, Ex. A.

[23]Doc. No. 16, Ex. 1.

[24]*Id*. (Emphasis added.)

[25]Doc. No. 11, Ex. A. Defendant objected to Plaintiff's request to provide the identity of "all persons whom Defendant has suspended from work or terminated for any reason in the three years preceding the filing of this lawsuit." However, Defendant did provide the total number (48) of people suspended or terminated, along with a breakdown of how many people were suspended or terminated and why. The information provided by the Defendant is that:
> seven (7) were disqualified by background check; three (3) failed drug screen; eight (8) for not following procedure; three (3) for falsifying timesheet; one (1) for theft; two (2) did not show up for work; twelve (12) without cause; five (5) for absenteeism; six (6) for incompetence; and one (1) for parent complaint.

discovery in connection with personnel files,[26] the discovery that Plaintiff requests is broader than necessary.

Accordingly, Defendant is directed to provide Plaintiff with the identity of and personnel files for each individual who, in the three years preceding the filing of this lawsuit:  (a) was terminated without cause; or (b) complained under any Act covering discrimination or employee rights.

IT IS SO ORDERED this 19th day of February, 2008.


/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[26]Doc. No. 16, Ex. 1. While retaliation and discrimination cases are both analyzed under the *McDonnell Douglas* framework, the elements necessary to establish a *prima facie* case of retaliation differ from the elements needed to establish a *prima facie* case of discrimination. For a plaintiff to establish a prima facie case of discrimination, a plaintiff must show that "(1) she is a member of a protected class, (2) she was meeting her employer's legitimate job expectations, (3) she suffered an adverse employment action, and (4) "'similarly situated employees outside the protected class were treated differently.'" *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) (quoting *Tolen v. Ashcroft*, 377 F.3d 879, 882 (8th Cir. 2004)). Thus, "similarly situated" is an element to a plaintiff's *prima facie* case of discrimination, but not necessarily an element of a *prima facie* case of retaliation. *Devin v. Schwan's Home Serv.*, 491 F.3d 778, 785-86 (8th Cir. 2007) (mentions "similarly situated" in discussion of causal connection). All cases cited by Plaintiff (Doc. No. 16, Ex. 2) involved claims of discrimination; a couple of cases cited involved both discrimination and relation, and neither of those cases provided insight into the use of similarly situated employees as a method for proving causation at the *prima facie* stage of a retaliation claim. "Similarly situated" is irrelevant to the protected activity and adverse employment elements of a retaliation claim.