**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**LATRINA HIGHSMITH**                                                                                       **PLAINTIFF**

**v.**                                                **5:07CV00109-WRW**

**FIRST STEP, INC.**                                                                                       **DEFENDANT**

**ORDER**

Pending is Defendant's Motion for Summary Judgment (Doc. No. 27). Plaintiff has responded (Doc. No. 31). For the reasons set out below, Defendant's Motion is GRANTED in connection with Plaintiff's retaliation claim and DENIED in connection with Plaintiff's wage and hour claim.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[1] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[2]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[3] Nevertheless, summary judgment promotes judicial economy by

---

[1] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[3] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

1

preventing trial when no genuine issue of fact remains.[4]  I must view the facts in the light most favorable to the party opposing the motion.[5]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[6]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[7]

## II. BACKGROUND

First Step of Fordyce is one of a group of centers under the umbrella of First Step, Inc. ("Defendant").[8] First Step has five centers, and two satellite classrooms.[9]  First Step was formed by a group of parents with disabled children.[10] Plaintiff worked for Defendant at its Fordyce

---

[4]*Id.* at 728.

[5]*Id.* at 727-28.

[6]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[7]*Anderson*, 477 U.S. at 248.

[8]Doc. Nos. 29, 32.

[9]Doc. Nos. 29, 32.

[10]Doc. Nos. 29, 32.

location for approximately two years.[11] At the time of her termination, Plaintiff was a full-time preschool classroom assistant.[12] She helped the youngest children with disabilities in a classroom setting with approximately 22 students.[13] Plaintiff worked from 7:45 a.m. until 3:45 p.m., with a 30-minute lunch break each day.[14] Plaintiff was paid for 7.5 hours per day, for a total of 37.5 hours per week.[15]

The DHS audited Defendant.[16] After the audit, Defendant held a meeting with employees at which breaks were discussed.[17] After this meeting, Plaintiff complained to her supervisor that she should either get a break, or get paid for the time she worked during her "break."[18] Plaintiff was allegedly immediately terminated after her complaint.[19]

It is undisputed that Plaintiff's time sheets attached to Defendant's Motion for Summary Judgment are accurate, "except perhaps there were times when she work part of her lunch break ... Ms. Highsmith may have been owed some unpaid time for working parts of the breaks for

---

[11] Doc. Nos. 29, 32.

[12] Doc. Nos. 29, 32.

[13] Doc. Nos. 29, 32.

[14] Doc. Nos. 29, 32.

[15] Doc. Nos. 29, 32.

[16] Doc. No. 27.

[17] *Id.*

[18] Doc. Nos. 29, 32.

[19] Doc. No. 30.

which she was not paid. This may have happened approximately once every other week in her tenure."[20]

## III. DISCUSSION

    A. The Retaliation Claim

The Fair Labor Standards Act ("FLSA") recognizes a cause of action for retaliation.[21] The FLSA makes it illegal "to discharge or in any other manner discriminate against any employee because such an employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act . . . or has testified or is about to testify in any such proceeding . . . ."[22] A plaintiff must have taken one of the actions specified in the FLSA retaliation provision to be successful in a FLSA retaliation claim.[23]

Plaintiff complained to her direct supervisor that she thought she was entitled to a break, or to be paid for working during her "break." Plaintiff did not file a complaint, institute a proceeding, or testify in a proceeding. Thus, Plaintiff's actions do not meet the standard required for an FLSA retaliation claim. Accordingly, Defendant's Motion is GRANTED in connection Plaintiff's retaliation claim.

---

[20]Doc. Nos. 29, 32.

[21]29 U.S.C. § 215(a)(3).

[22]*Id*.

[23]See *Brown v. L & P Indus*., LLC, No. 5:04CV0379 JLH, 2005 U.S. Dist. Lexis 39920, at *39-44 (E.D. AR Dec. 21, 2005).

Plaintiff's Wage and Hour Claim

Under 29 U.S.C. § 206, an employer must pay an employee a minimum wage for hours worked.[24] Further, under 29 U.S.C. § 207(o), only public agencies are allowed to have comp time policies.[25] An employee has a private right of action against an employer that violates the provisions of 29 U.S.C. § 206 or § 207. An employer who violates those sections will be "liable to the employee . . . in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages."[26]

Defendant's Statement of Material Facts set out that Plaintiff's time sheets attached to Defendant's Motion for Summary Judgment are accurate, "except perhaps there were times when she work part of her lunch break . . . . Ms. Highsmith may have been owed some unpaid time for working parts of the breaks for which she was not paid. This may have happened approximately once every other week in her tenure."[27] Plaintiff agreed with that statement. Plaintiff also alleged Defendant used a comp time policy.

The FLSA requires employees to be paid for time worked. It appears that there is a genuine issue of material fact as to whether Plaintiff is owed some amount for working during some of her breaks. Accordingly, Defendant's Motion is DENIED in connection with Plaintiff's wage and hour claim.

IT IS SO ORDERED this 16th day of July, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[24] See 29 U.S.C. § 206(a).

[25] See 29 U.S.C. § 207(o).

[26] See 29 U.S.C. § 216(b).

[27] Doc. Nos. 29, 32.